IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**CHERYL KISNER,**

        Plaintiff,

    v.                                        **CIVIL ACTION NO. 5:19-CV-194**
                                                          Judge Bailey

**STATE FARM FIRE AND CASUALTY
COMPANY,**

        Defendant.

## MEMORANDUM OPINION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT

      Pending before this Court are Plaintiff's Motion for Summary Judgment as to Having *Substantially Prevailed* Against Defendant [Doc. 43] and State Farm Fire and Casualty Company's Motion for Summary Judgment [Doc. 45], both filed on July 31, 2020. For the reasons that follow, the Court will grant the plaintiff's Motion and deny the Defendant's Motion.

## BACKGROUND

      This case arises out of an insurance dispute. On May 29, 2018, plaintiff's house caught fire while she was out of town; thereafter, plaintiff made a claim with State Farm Fire and Casualty Company ("State Farm"), the defendant in this case. [Doc. 44 at 2]. By letter dated July 2, 2018, State Farm informed Kisner that they were investigating the fire because it "was determined to be incendiary in nature or intentionally set." [Doc. 44-3]. After receiving this letter, Kisner retained counsel, who sent State Farm a letter dated July 18, 2018, indicating that Kisner and the individuals who live with her were out of town at the time of the fire and, as such, coverage would apply whether the fire was found to be

intentionally or accidentally set. [Doc. 44-4 at 1]. On August 6, 2018, State Farm's counsel responded and requested that Kisner submit to an Examination Under Oath ("EUO") in accordance with the insurance policy. [Doc. 45-9 at 1]. After further correspondence between the parties, the EUO was held on October 18, 2018. *See* [Doc. 45-1 at 4].

After the EUO, on November 12, 2018, State Farm emailed plaintiff's counsel informing them that State Farm would pay for the structural repairs on the insurance claim in the amount of $60,305.31. [Doc. 45-18]. This amount was based on an estimate Braddock Restoration completed on June 7, 2018. *See* [Doc. 45-1 at 5]. On December 7, 2020, plaintiff's counsel responded, informing State Farm that that amount would be inadequate to cover the cost of the repairs and provided an estimate from Panhandle Cleaning & Restoration in the amount of $89,170.57. [Doc. 45-19 at 1]. On January 15, 2019, State Farm paid Kisner based on that estimate. [Doc. 45-20]. On March 15, 2019, plaintiff's counsel informed State Farm that Panhandle Cleaning & Restoration had performed an additional inspection to assess additional damage sustained while Kisner was unable to make repairs during State Farm's investigation; the additional damage amounted to $51,109.73. [Doc. 45-21]. On April 30, 2019, State Farm issued a check based on that estimate and bringing the total payments up to the policy limit. [Doc. 45-24].

In addition to the issues surrounding the claim for the damage to the house, there are disputes regarding claims for damaged personal property and additional living expenses. In the EUO, Kisner indicated that much of her personal property in the house had been damaged by smoke and that she was claiming the loss of that property. [Doc. 44-2 at 4–5]. In her memorandum in support of her motion for summary judgment, Kisner also asserts that "[i]t was evident that Ms. Kisner's personal property was damaged

in the May 29, 2018 fire." [Doc. 44 at 4]. During the EUO, Kisner also indicated that she was currently living at her father's home. [Doc. 44-2 at 2]. With the assistance of counsel, Kisner completed an inventory of personal property damaged in the fire, which was sent to State Farm on February 11, 2019. [Doc. 44-14; Doc. 44 at 4]. In the same letter, Kisner's counsel informed State Farm that Kisner and her daughter had been contributing $450 a month to help pay utilities. [Doc. 44-14 at 1]. On March 11, 2019, State Farm responded by sending two checks: one for the loss of personal property (less a $2,000 advance State Farm had sent earlier) and one for additional living expenses up to October 15, 2019. [Doc. 44-16].

On May 8, 2020, Kisner filed suit in the Circuit Court of Marshall County, alleging that she had substantially prevailed under *Hayseeds, Inc. v. State Farm & Casualty Co.*, 177 W.Va. 323, 352 S.E.2d 73 (1986) and seeking compensatory, general, and punitive damages, prejudgment and post-judgment interest, and attorneys' fees. [Doc. 1-2 at 3–10]. State Farm removed the case to this Court on the basis of diversity. *See* [Doc. 1]. While the suit was underway, plaintiff's counsel asked State Farm to pay for more additional living expenses for the November 2019 through January 2020 period Kisner was continuing to live with her father. [Docs. 44-17, 44-18].

On July 31, 2020, plaintiff filed a Motion for Summary Judgment as to Having *Substantially Prevailed* Against Defendant [Doc. 43] and a Memorandum in Support [Doc. 44]. Therein, plaintiff argues that she has substantially prevailed as defined under *Hayseeds, Inc. v. State Farm Fire & Cas.*, 177 W.Va. 323, 352 S.E.2d 73 (1986) because she was forced to retain counsel in order to recover benefits due to her after the

3

fire at her home.  Specifically, plaintiff argues that plaintiff's counsel's involvement was necessary in order for plaintiff to secure benefits for the structural damage, loss of personal property, and additional living expenses.  *See* [Doc. 44].  She contends that she is therefore "entitled to not only her reasonable attorneys' fees, but also her damages in the form of net economic loss, aggravation, and inconvenience." [Doc. 44 at 18].  On August 21, 2020, defendant filed a response, arguing that plaintiff did not substantially prevail and that the services of plaintiff's counsel were not necessary to obtain payment.  *See* [Doc. 49].  Defendants argue that the processing of plaintiff's claim was routine and, as to the second point, defendant points to plaintiff's inability at a deposition to "state anything her lawyers did to advance the investigation or payment of her claims."  [Doc. 49 at 7]. Plaintiff then filed a reply in which she argues that "The delay [in the payment of benefits] was caused by State Farm's quest to prove that Ms. Kisner was responsible for the May 29, 2018 fire, rather than adjusting Ms. Kisner's claim as obligated to under the law." [Doc. 51 at 6–7].

Defendant also filed a Motion for Summary Judgment [Doc. 45] and Memorandum in Support [Doc. 45-1] on July 31, 2020.  Therein, defendant asserts that "[a]t issue in this case is whether State Farm reasonably investigated a suspicious fire at Plaintiff's residence."  [Doc. 45-1 at 1].  Defendant argues that, first, it is entitled to summary judgment on plaintiff's common law bad faith claim because plaintiff did not substantially prevail and plaintiff cannot show actual malice.  [Id. at 9–14].  Second, that it is entitled to summary judgment on plaintiff's statutory bad faith claim because there is no evidence of a violation of the Unfair Trade Practices Act ("UTPA").  [Id. at 14–19].  Plaintiff filed a response on August 21, 2020.  [Doc. 48].  In regard to the statutory bad faith claim, plaintiff

4

contends that there remain genuine disputes of material facts regarding misrepresentations by State Farm, its standards for implementing a prompt investigation, timely responses to communications from plaintiff, and whether these are consistent with State Farm's general business practice. [Id. at 18–28]. On August 31, 2020, defendant filed a reply, reasserting many of the arguments from its Motion. [Doc. 53].

## **LEGAL STANDARD**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a

5

genuine issue for trial.   Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 323–25; *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

When faced with cross-motions for summary judgment, a district court is not required to grant judgment as a matter of law for one side or the other; rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration. **Wright, Miller, & Kane**, *Federal Practice and Procedure*: Civil 2d § 2720.

## DISCUSSION

"Whenever a policyholder **substantially prevails** in a property damage suit against its insurer, the insurer is liable for: (1) the insured's reasonable attorneys' fees in vindicating its claim; (2) the insured's damages for net economic loss caused by the delay in settlement, and damages for aggravation and inconvenience." Syl. Pt. 1, *Hayseeds, Inc. v. State Farm Fire & Cas.*, 177 W.Va. 323, 352 S.E.2d 73 (1986) (emphasis added). The West Virginia Supreme Court of Appeals explained in *Miller* that

> [w]hen examining whether a policyholder has substantially prevailed against an insurance carrier, a court should look at the negotiations as a whole from the time of the insured event to the final payment of the insurance proceeds. If the policyholder makes a reasonable demand during the course of the negotiations, within policy limits, the insurance carrier must either meet that demand, or promptly respond to the policyholder with a statement why such

6

> a demand is not supported by the available information.  The insurance
> carrier's failure to promptly respond is a factor for courts to consider in
> deciding whether the policyholder has substantially prevailed in enforcing the
> insurance contract, and therefore, whether the insurance carrier is liable for
> the policyholder's consequential damages under [*Hayseeds*] and its
> progeny.

Syl. Pt. 4, *Miller v. Fluharty,* 201 W.Va. 685, 698, 500 S.E.2d 310, 323 (1997).

> As this Court has previously summarized,
>
> [t]he policy underlying *Hayseeds* and its progeny "is that a policyholder buys
> an insurance contract for peace of mind and security, not financial gain, and
> certainly not to be embroiled in litigation.  The goal is for all policyholders to
> get the benefit of their contractual bargain: they should get their policy
> proceeds promptly without having to pay litigation fees to vindicate their
> rights."  *Bailey v. Bradford*, 12 F.Supp.3d 826 (S.D. W.Va. 2014) (citing
> *Miller*, 201 W.Va. at 696, 500 S.E.2d at 321)).  To meet its contractual
> obligation to provide coverage to a policyholder, an insurance carrier has a
> duty to conduct a prompt investigation.  *Miller*, 201 W.Va. at  694, 500
> S.E.2d at 319.  A "prompt" investigation is one "performed readily or
> immediately," or involves "responding instantly."  *Id.* (citations omitted).

*Kohler v. State Farm Mutual Automobile Insurance Company*, [Civ. Action No.
5:20-CV-51, Doc. 33 at 9].  Further, to show that she is entitled to attorney's fees, the
plaintiff must show that the attorney's services were necessary.  *Jordan v. Nat'l Grange*

7

*Mut. Ins. Co.*, 183 W.Va. 9, 14, 393 S.E.2d 647, 652 (1990) ("the insured must show that but for his or her attorney's services such settlement would not have been reached, in light of the undue delay in investigating the claim.").

Here, the Court finds that plaintiff has substantially prevailed on her claims for structural damage, personal property, and additional living expenses, and that plaintiff has shown that her attorney's services were necessary. As to the claim for structural damage, State Farm agreed to pay for structural repairs on the house nearly four months after plaintiff's counsel became involved in the case, and in an amount based on the Braddock Restoration estimate. Thanks largely to the work done by plaintiff's counsel, State Farm eventually agreed to pay substantially more, eventually up to the policy limit, based on the estimates provided by Panhandle Cleaning & Restoration. Both of the Panhandle estimates were provided as a result of plaintiff's counsel's efforts to obtain independent estimates.

Similarly, in regard to the additional living expenses and the loss of personal property, although defendant was made aware of these at the EUO (at the latest), it was with the assistance of counsel and at counsel's prompting that plaintiff was able to recover under her policy. This is not merely a matter of timing; the payments issued for additional living expenses and loss of personal property were the result of the efforts made by plaintiff's counsel, who sent defendant multiple letters inquiring about these expenses and helped to gather and provide to State Farm information for the claims. Although State Farm argues that "there is no evidence that State Farm would have rejected that evidence if Plaintiff provided it herself," [Doc. 49 at 9], it is clear, reviewing the negotiations as a whole, that plaintiff's retention of counsel ensured payments in a more timely manner. As

noted above, such "failure to promptly respond is a factor for courts to consider in deciding whether the policyholder has substantially prevailed in enforcing the insurance contract." Syl. Pt. 4, *Miller,* 201 W.Va. at 698, 500 S.E.2d at 323 (1997).

Further, this Court is not persuaded by defendant's argument that plaintiff's failure to state during her deposition "anything her lawyers did to advance the investigation or payment of her claims," weighs against finding she substantially prevailed. [Doc. 49 at 7]. As asserted by plaintiff, "[i]t is extremely rare that a Plaintiff can testify as to the legal actions or strategy taken by their attorneys." [Doc. 51 at 8].

State Farm also urges this Court to follow the reasoning set forth in *Brooks v. Chase Home Finance, Inc.*, Civ. A. No. 5:06-CV-694, 2008 WL 2704603 (S.D. W.Va. 2008) (Johnston, J.), in which the court found that the attorney's services were not necessary to obtain payment..  The Court finds that this case is distinguishable from *Brooks*.  In *Brooks*, the defendant paid the claim in full when "no employee in Defendant's claims department, which was responsible for paying Plaintiff's claim . . . had any actual knowledge of the lawsuit." *Id.* at *7.  Judge Johnston therefore found there was no causation between the action brought against the defendant and the settlement. *Id.* Here, the undisputed facts show that plaintiff's counsel made significant efforts which resulted in the payment of plaintiff's claims.  Accordingly, plaintiff has shown there is no genuine issue of material fact and that she is entitled to summary judgment.  Plaintiff's Motion will therefore be granted.

As to defendant's Motion, the portion moving for summary judgment on the common law bad faith claim will be denied for the same reasons that plaintiff's motion will be

9

granted.  As to summary judgment on the statutory bad faith claim, the Court finds that the evidence is such that a reasonable jury could return a verdict for the plaintiff and summary judgment is thus inappropriate.  There are facts in the record from which a jury could conclude that State Farm's handling of Kisner's claim is indicative of general business practices which violate the UTPA.  Accordingly, State Farm's motion will be denied.

## CONCLUSION

For the aforementioned reasons, Plaintiff's Motion for Summary Judgment as to Having *Substantially Prevailed* Against Defendant **[Doc. 43]** is hereby **GRANTED** and State Farm Fire and Casualty Company's Motion for Summary Judgment **[Doc. 45]** is hereby **DENIED**.  Accordingly, the Court finds that Kisner has substantially prevailed against State Farm on the issues of claims for structural damage, personal property, and additional living expenses.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: October 19, 2020.

**JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE**

10